Marvin L. WARNER, Plaintiff-Appellant,

v.

The CENTRAL TRUST CO., N.A.; High Plains Drilling Partners 1980–II, Ltd., High Plains Drilling Co., Carl W. Swan; Federal Deposit Insurance Corp. Receiver of Penn Square Bank, N.A., Defendants-Appellees.

No. 83–3019.

United States Court of Appeals, Sixth Circuit.

Argued March 23, 1983.

Decided Sept. 7, 1983.

---

Louis F. Gilligan (argued), Keating, Muething & Klekamp, Cincinnati, Ohio, for plaintiff-appellant.

W. Stuart Dornette (argued), Michael J. Zavatsky (on the brief), Taft, Stettinius & Hollister, Cincinnati, Ohio, for F.D.I.C.

Gerald L. Baldwin, Frost & Jacobs, Cincinnati, Ohio, for Central Trust.

Arnold Morelli, Cincinnati, Ohio, George Nelson (argued), Cleveland, Ohio, for High Plains Drilling.

Before KEITH and WELLFORD, Circuit Judges, and NIES, Circuit Judge.*

WELLFORD, Circuit Judge.

Plaintiff-Appellant appeals the denial of the district court of injunctive relief sought to enjoin defendant-appellee Central Trust Company from honoring a letter of credit upon which defendant-appellee Federal Deposit Insurance Corporation (FDIC) seeks to collect. In response to an emergency motion filed by appellant, this court issued a temporary injunction on January 10, 1983, enjoining Central Trust from transmitting payment on appellant's letter of credit to Penn Square Bank or its receiver, FDIC, pending further consideration of the case by the court. Appellant contends that there was fraud in the initial transaction at which the letter of credit was issued, and that if the letter is honored, he will have no effective recourse against two insolvent entities, Penn Square Bank and High Plains Drilling Company.

The question raised by this appeal is whether appellant met the requirements for the issuance of a preliminary injunction. We agree with the district court that Warner did not meet these requirements, and we affirm the decision to deny the requested injunction.

This action originated in Ohio state court, where plaintiff filed an action seeking to enjoin the letter of credit on grounds of fraud. The letter of credit was provided as part of a $498,150.00 purchase price for fifteen units (15 per cent) of a limited partnership, High Plains Drilling Partners 1980–II, Ltd., (High Plains) one of the defendants, now an appellee. Defendant-appellee Carl W. Swan, a director of Penn Square, served as general partner of High Plains, an oil-drilling, rig-leasing concern.[1] High Plains defaulted, and Penn Square called for payment of the letter of credit. The state court issued a temporary restraining order enjoining transfer of the funds,

* The Honorable Helen W. Nies, U.S. Court of Appeals for the Federal Circuit, Washington, D.C., sitting by designation.

1. The district court found as follows:

Mr. Warner purchased fifteen units, representing 15% of the partnership. The total purchase price was $498,150.00. The financing arrangement for the purchase was generally as follows: At the outset, Mr. Warner paid approximately one half of the total purchase price in cash and short term promissory notes. The balance of the purchase price was provided in the form of plaintiff's "Equity Loan Note" for $249,075.00 payable to High Plains in 16 quarterly installments over a four-year period, and a standby letter of credit for approximately the same amount naming Penn Square as beneficiary. Plaintiff also executed a "Loan Assumption Agreement" (Pltf's. Ex. 3) whereby he agreed to assume his pro rata share (15%) of a $1,660,500.00 loan to High Plains by Penn Square. Penn Square was entitled to draw down plaintiff's letter of credit if High Plains defaulted on this loan.

(Footnote omitted.)

and the FDIC then removed the action to federal court pursuant to 12 U.S.C. § 1819.

Appellant's fraud allegations are founded on his contention that the repayment terms of his share of a $1,660,500.00 loan to High Plains by Penn Square, described in footnote one, were misrepresented to him and that the oil-drilling rigs which constituted the principal asset of the limited partnership were encumbered by an undisclosed $5.5 million loan by Penn Square (in addition to a disclosed loan of $8.5 million) for construction of the oil-drilling rig.

Applying the principal requirements for a preliminary injunction enumerated in *Mason County Medical Association v. Knebel,* 563 F.2d 256 (6th Cir.1977), the district court found no strong or substantial likelihood of probability of success on the merits, but noted instead "there does [sic] appear to be 'serious questions' going to the merits." This may or could be construed as sufficient under *Friendship Materials v. Michigan Brick, Inc.,* 679 F.2d 100 (6th Cir.1982).

The district court nevertheless declined to issue the injunction sought, citing *Herbert H. Jacob Revocable Trust v. Longhorn Oil & Gas Co.,* No. 82-1674 (6th Cir. Sept. 20, 1982), a recent unpublished order of this court, as authority for the proposition that "where the threat of harm is speculative and even if established only financial, plaintiff will not suffer irreparable injury." *Jacob* (in which Penn Square was also the creditor bank) is particularly instructive since plaintiff in that case also sought to enjoin payment of a letter of credit by charging fraud in connection with the purchase of an interest in an oil syndicate. Imposing upon plaintiff the burden of establishing that he meet the traditional four requirements for injunctive relief under *Friendship Materials,* the court determined that his legal remedies were not inadequate. It therefore upheld the district court's denial of the injunction. In the case *sub judice,* appellant was aware that he was involved in a risky venture from the outset, and he has the same difficult hurdle on his claim that faced Jacob—to make a sufficient showing both of irreparable injury and of fraud. It should be emphasized that in *Jacob* the threat of loss was found to be

"speculative" and plaintiff's failure here, which negates a showing of irreparable harm, is based on this factor, not that the alleged loss is merely "financial" in nature. In addition, we find that plaintiff has not demonstrated a strong or substantial likelihood of success on the merits. *Friendship Materials* at 102.

I.

There is only limited authority for enjoining payment under a letter of credit when the documentation presented is fraudulent or there is "fraud in the transaction." *KMW International v. Chase Manhattan Bank,* 606 F.2d 10, 16 (2d Cir.1979). The Sixth Circuit recently reiterated in *Friendship Materials v. Michigan Brick, Inc.,* 679 F.2d 100 (6th Cir.1982) the factors to be considered by a district court in exercising its discretion to grant a preliminary injunction:

(1) Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;

(2) Whether the plaintiff has shown irreparable injuries;

(3) Whether the issuance of a preliminary injunction would cause substantial harm to others;

(4) Whether the public interest would be served by issuing a preliminary injunction.

679 F.2d at 102. *See also Mason County Medical Association v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977); *Martin-Marietta Corp. v. Bendix Corp.,* 690 F.2d 558, 564–65 (6th Cir.1982).

Although the court in *Friendship* indicated that these four factors should not be applied in an overly rigid fashion, it did not expressly adopt the "balance of hardships" test espoused in some other circuits, and urged in this case by appellant. Rather, the court found that since irreparable injury had not been shown, a preliminary injunction would not issue even under the "balance of hardships" test:

Whatever the merits of the alternate, or "balance of hardships" test may be, the purpose of the test is surely not to elimi-

nate the irreparable harm requirement. Rather the purpose of the test is to underscore the flexibility which traditionally has characterized the law of equity.... [The test] merely demonstrates that "[i]n general, the likelihood of success that need be shown [for a preliminary injunction] will vary inversely with the degree of injury the plaintiff will suffer absent an injunction.

679 F.2d at 105.

In the context of a person such as Warner, a sophisticated investor[2] seeking the extraordinary judicial intervention of prohibiting an "irrevocable standby" letter of credit from being honored, the test for a preliminary injunction is properly strictly applied in this instance. Setting aside or delaying payment, when due, of such a letter of credit imposes heavy burdens upon a party seeking such relief in a complex business transaction. We decline the district court's invitation to broaden the requirements in a case of this kind for issuance of a preliminary injunction.

### II.

Since the district court did not find that appellant had shown a strong or substantial likelihood that he could prove fraud in the transaction which produced the letter of credit, the first "prong" of the traditional test for a preliminary injunction has not been met. The district court therefore properly denied relief.

Because we find that appellant has not met the first two "prongs" of the test, we need not reach the other two factors outlined above—whether the issuance of a preliminary injunction would cause substantial harm to others, and whether the public interest would be served by issuing a preliminary injunction—which the district court did not see fit to discuss.[3]

---

The decision of the district court is affirmed, and the temporary injunction issued by the court is hereby vacated.[4]

---

**2.** The district court found plaintiff to be "an investor experienced in banking and real estate."

**3.** We do note, nonetheless, that if an injunction were to issue there potentially could be harm to the FDIC, as well as to other unsecured creditors of Penn Square Bank with respect to

whom appellant essentially would be given priority.

**4.** We have considered, but find superfluous, other issues raised by the parties.